```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____:
_____:
RAYMOND P. BIRT,                :
                                : Civil Action No. 09-0380 (JAP)
          Petitioner,           :
                                :
     v.                         :         **O R D E R**
                                :
MICHELLE RICCI, et al.,         :
                                :
          Respondents.          :
_____:

IT APPEARING THAT:

1. On January 19, 2009 Petitioner RAYMOND P. BIRT ("Petitioner"), currently confined at the New Jersey State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), see Docket Entry No. 1; the Clerk received the Petition on January 27, 2009.

2. Petitioner challenges his 2001 state court conviction and the resulting term of imprisonment rendered by the Superior Court of New Jersey, Law Division, Monmouth County. See Docket Entry No. 1, ¶¶ 1-2.

3. According to the Petition, the Superior Court of New Jersey, Appellate Division, affirmed the conviction in its decision issued on July 11, 2003, see id. ¶ 9; Petitioner also asserts that the Supreme Court of New Jersey denied him certification on October 29, 2003. See id., ¶¶ 9-9A.

4. The Petition also indicates that Petitioner filed an application for post-conviction relief, see id. ¶ 11; Petitioner alleges that the Superior Court of New Jersey, Law Division, denied his application on April 22, 2005, see id., that the decision was affirmed by the Appellate Division, and that the Supreme Court of New Jersey denied Petitioner certification with respect to that application for post-conviction relief on October 17, 2006, that is, more than two years prior to Petitioner's execution of the instant Petition. See id.

5. On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187

F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

6. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed *during* the period of limitations.

7. Presuming that the AEDPA statute of limitations is subject to equitable tolling,[1] see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights

---

[1] Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient.[2] See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (a) the defendant has actively misled the plaintiff, (b) the plaintiff has in some extraordinary way been prevented from asserting his rights, (c) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do

---

[2] Claim of "ineffective assistance of counsel" does not provide basis for equitable tolling. See Pace, 125 S. Ct. at 1814 n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation'" ).

4

exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

8. Here, Petitioner's one-year period of limitations began to run ninety days after the Supreme Court of New Jersey denied Petitioner certification with respect to his direct appeal, i.e., on January 27, 2004, but became statutorily tolled two weeks later, on February 10, 2004, when Petitioner filed his application for post-conviction relief.  See State v. Birt, 2006 WL 2009036, at *2 (N.J. Super. App. Div. July 20, 2006) (stating the date of Petitioner's filing of his application for post-conviction relief).  The period of limitations remained tolled until October 17, 2006, when the Supreme Court of New Jersey denied Petitioner certification with respect to his post-conviction relief application, it re-started on October 18, 2006, and expired fifty weeks later, i.e., at the beginning of October 2007, about fifteen and a half months prior to Petitioner's execution of his instant Petition.  The Petition is silent as to any grounds for equitable tolling.

**THEREFORE IT IS** on this 22nd day of April, 2009,

**ORDERED** that Petition is dismiss, as untimely, pursuant to 28 U.S.C. § 2254;[3] and it is further

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[4] and it is finally

---

[3] The Court, however, being mindful of Petitioner's pro se litigant status, cannot rule out the possibility that Petitioner has valid basis for equitable tolling of his Petition but omitted to include a discussion of this basis in his Petition. In such event, the Court *strongly encourages* Petitioner to seek reconsideration of the instant Order by stating his basis for equitable tolling of his AEDPA statute of limitations (to that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written statement of pertinent facts would suffice; in which event this Court will direct the Clerk to reopen the instant matter and will examine the facts set forth in Petitioner's motion for reconsideration). See Tozer v. Ricci, No. 08-3259 (3d Cir. filed Dec. 11, 2008), Docket Entries No. 5 and 6 (denying certificate of appealability to petitioner who, being presented with an opportunity to assert his tolling grounds in a motion for reconsideration elected to file an appeal with respect to the court's dismissal of his indeed untimely petition). Moreover, this Court expressly notifies Petitioner that the Court enlarges the ten-day period for filing Petitioner's motion for reconsideration (mandated by the statute and local Rule) to thirty days from the date of entry of this Order, and -- since Petitioner is a prisoner -- his submissions, if received by the Court, would be deemed "filed" upon Petitioner's handing these submissions to his prison authorities with a request to have the submissions mailed to the Court.

[4] The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail and close the file on this matter.

/s/   Joel A. Pisano
**United States District Judge**

---

at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition, as drafted, for failure to meet the statute of limitations requirement is correct.