**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                               :
_____:
RAYMOND P. BIRT,               :
                               :  Civil Action No. 09-0380 (JAP)
          Petitioner,          :
                               :
     v.                        :         O R D E R
                               :
MICHELLE RICCI, et al.,        :
                               :
          Respondents.         :
_____:
```

IT APPEARING THAT:

1. On January 19, 2009 Petitioner filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), see Docket Entry No. 1; the Clerk received the Petition on January 27, 2009.

2. On April 23, this Court issued an order dismissing the Petition as untimely.  See Docket Entry No. 2.  The Court pointed out to Petitioner that Petitioner's period of limitations expired about fifteen and a half months prior to Petitioner's execution of the Petition, see id. at 5 (detailing the calculation), and the Petition was silent as to any grounds for equitable tolling.  However, out of abundance of caution, the Court instructed Petitioner to notify the Court in the event Petitioner inadvertently omitted to address in his Petition the events providing him with equitable tolling for these fifteen and a half months.  See id. at 6, n.3.

3.    On April 30, 2009, the Clerk received a letter ("Letter") from
      Petitioner which appears to be Petitioner's response to the
      Court's directive to inform the Court of Petitioner's grounds
      for equitable tolling.  <u>See</u> Docket Entry No. 3.   In his
      Letter, Petitioner asserts the following:

      a.    During the time when Petitioner's period of limitations
            was statutorily tolled, Petitioner's place of confinement
            was on "lock-down" for three weeks.  <u>See</u> <u>id.</u> at 1.

      b.    About   eight   months   after   Petitioner's   period   of
            limitations expired, Petitioner was placed on Temporary
            Close Custody ("TCC") for fifteen days.  <u>See</u> <u>id.</u>

      c.    Petitioner is "actually innocent" and, therefore, the
            constraints ensuing from the statute of limitations
            should be inapplicable to him on the grounds of legal
            precedents dealing with the issue of procedural default.
            <u>See</u> <u>id.</u> at 2-3.

      d.    A strict enforcement of the statute of limitations should
            not be applied to the Petition, since such application
            would constitute "a travesty of justice."
            <u>See</u> <u>id.</u> at 3.

4.    Petitioner's Letter provides this Court with no valid basis
      for equitable tolling.

      a.    The  three  weeks  of  "lock-down"  time  that  took  place
            during Petitioner's statutory tolling, as well as the

fifteen days of TCC that took place after Petitioner's period of limitations already expired, have no relevance to Petitioner's attempts to diligently prosecute his habeas claims during the time when his period of limitations was actually running.  (Moreover, even if these events occurred during the time when Petitioner's period of limitations was actually running, it is highly doubtful that these thirty-six days would provide Petitioner with a sufficient basis for equitable tolling, even if these events impeded Petitioner's access to paralegal assistance.  See e.g., Rahn v. Tennis, 2008 U.S. Dist. LEXIS 48407, at *7 (E.D. Pa. June 23, 2008) (citing Fahy v Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

b. Similarly, Petitioner's reference to the case law dealing with the issue of procedural bar is irrelevant to this Court's analysis: within the meaning of § 2254 law, the term "procedural bar" refers to one's failure to duly present one's challenges to the state courts rather than to one's failure to institute a timely habeas action. Thus, the cases referred to by Petitioner are wholly inapposite to the inquiry at hand.

c. Finally, equitable tolling cannot be triggered by a litigant's self-serving "travesty of justice" assertion. See Docket Entry No. 2, at 3-5 (detailing to Petitioner

3

valid grounds for equitable tolling, none of which is a
bold "travesty of justice" claim).  Indeed, contrary to
Petitioner's apparent impression, the degree of prejudice
a litigant might suffer as a result of having his
untimely petition dismissed is irrelevant to the
timeliness analysis: the limitations period is a
statutory requirement that is not contingent upon
prejudice.  See United States v. Duffus, 174 F.3d 333,
338 (3d Cir. 1999) (finding of prejudice is not relevant
to statute of limitations under AEDPA because "usually
statutes of limitations operate without taking prejudice
from delay into account").

d.   In sum, the facts asserted in Petitioner's Letter
effectively confirm the correctness of this Court's
conclusion that the Petition is untimely and not entitled
to equitable tolling.  Therefore, no reconsideration of
this Court's prior order is warranted.

IT IS on this 30th day of June, 2009,

ORDERED that the Clerk shall reopen this matter (for the
purposes of this Court addressing Petitioner's contentions stated
in his Letter, Docket Entry No. 3) by making a new and separate
entry on the docket reading "CIVIL CASE REOPENED"; and it is
further

4

ORDERED that Petition is dismiss, as untimely, pursuant to 28 U.S.C. § 2254, and the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c); and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, and shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

_____
/s/  **Joel A. Pisano**
**United States District Judge**